Charles Bracewell, Esq., WSBA No. 54941
bracewell@hmnlaw.com
Anthony S. Petru, Esq., Pro Hac Vice pending
petru@hmnlaw.com
Scott H. Levy, Esq., Pro Hac Vice pending
levy@ hmnlaw.com
HILDEBRAND, McLEOD & NELSON, LLP
350 Frank H. Ogawa Plaza, 4th Floor
Oakland, CA 94612
TEL: (510) 451-6732

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MICHAEL FISCHER,

    Plaintiff,

v.

BNSF RAILWAY COMPANY, a corporation,

    Defendant.

Case No.

**COMPLAINT FOR DAMAGES**

Federal Employers Liability Act – Negligence

Federal Employers Liability Act – Strict Liability under 49 U.S.C. §§ 20301 *et seq*.

**JURY TRIAL DEMANDED**

COMES NOW Plaintiff MICHAEL FISCHER and alleges as follows:

**PARTIES**

1.    At all times relevant, Plaintiff MICHAEL FISCHER, was and is an individual residing in the State of Washington, County of Spokane. Plaintiff was and is employed as a switchman by Defendant BNSF RAILWAY COMPANY, hereinafter "BNSF."

2.    At all times relevant, Defendant BNSF was and is a duly organized and existing Delaware corporation, authorized to and doing business in the State of Washington, with its

principal place of business located at 2650 Lou Menk Drive, Fort Worth, Texas, 76131.

## JURISDICTION AND VENUE

3. This action is brought under the Federal Employers Liability Act, "FELA," 45 U.S.C. §§ 51 *et seq*. As such, this court has jurisdiction of these matters.

4. Venue is proper in the Eastern District of Washington because BNSF does business within the District and the cause of action arose in the District. 45 U.S.C. § 56 and 28 U.S.C. § 128.

## GENERAL ALLEGATIONS

5. Plaintiffs re-allege and incorporate all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

6. On or about September 7, 2019, Plaintiff MICHAEL FISCHER was employed by Defendant BNSF as a switchman.

7. At said time, acting within the regular course and scope of his employment, Plaintiff MICHAEL FISCHER was observing car movements in Defendant's Yardley Yard in Spokane, Washington. After the car movements stopped, Plaintiff MICHAEL FISCHER walked towards a switch to line it. As Mr. Fischer stepped forward with his left foot, his left boot caught on a large wood shard, causing him to trip forward. Mr. Fischer's momentum carried him forward and his right foot caught on the rail. Mr. Fischer fell forward over the rail and onto the front of his body. Mr. Fischer fell on his RCO control box, which was on his chest and attached to his safety vest.

8. As a result of incident herein alleged, Plaintiff suffered injuries, including to his left knee, lower back, right hip, and left shoulder, and was rendered sick, sore, lame, and disabled, both internally and externally, and suffered and continues to suffer physical injury, pain and suffering, and shock to his nervous system and person.

9. As a result of the collision and injuries herein alleged, Plaintiff has incurred and will incur economic damages in the form of past and future medical care and expenses, substitute

1  domestic services and household care, and loss of past and future wages and fringe benefits, and impaired earning capacity in a reasonable amount to be determined by a jury at trial.

10. As a result of the collision and injuries herein alleged, Plaintiff suffered and will suffer non-economic damages in the form of past and future pain and suffering as well as interference with normal and usual activities apart from gainful employment in a reasonable amount to be determined by a jury at trial.

## FIRST CAUSE OF ACTION

### Federal Employers Liability Act – Negligence

11. Plaintiff re-alleges and incorporates as if set forth in full and at length herein all paragraphs above.

12. This action is brought under and by virtue of the provisions of the Federal Employers Liability Act, "FELA," 45 U.S.C. §§ 51 *et seq.*

13. BNSF is a common carrier by railroad engaged in interstate commerce.

14. The incidents and injuries complained of arose while Plaintiff was performing duties in the furtherance of, or affecting, interstate commerce.

15. At all times relevant, BNSF owed to Plaintiff the non-delegable duty of exercising ordinary care to provide Plaintiff with a reasonably safe place in which to work; to provide reasonably safe tools and equipment for the performance of work; to institute and oversee reasonably safe procedures and methods for the performance of said work; to warn and educate Plaintiff of unsafe conditions in the workplace; to monitor Plaintiff's workplace for hazards; and to take action to make the workplace safe when on notice of dangerous conditions and injuries to employees.

16. At all times mentioned, BNSF, acting by and through its agents, servants, and employees, other than Plaintiff, breached and failed its aforementioned duties in that BNSF carelessly and negligently:

    a.    failed to provide employees, including Mr. Fischer with walkways with reasonably smooth surfaces;

      b.      failed to provide employees, including Mr. Fischer with walkways with appropriately sized ballast;

      c.      failed to adequately inspect its walkways and footing conditions to ensure that they were in a safe condition for employees;

      d.      failed to repair walkways and footing conditions when the defendant knew, or should have known, that they presented hazardous conditions to employees;

      e.      failed to clear vegetation, debris, and other obstructions from walkways;

      f.      failed to warn employees, including Mr. Fischer, regarding the existence of the hazardous walkways and footing conditions;

      g.      required employees to utilize hazardous walkways with unsafe footing conditions in the regular performance of their duties;

      h.      violated 49 CFR 213.37 Track Safety Standards;

      i.      violated WAC 480-60-035;

      j.      violated WAC 296-860-20020; and

      k.      violated American Railway Engineering and Maintenance – of – Way Association roadway and ballast standards.

17.    The negligence of BNSF was a legal and proximate cause of Plaintiff's injuries and damages as herein alleged.

## SECOND CAUSE OF ACTION

**Federal Employer's Liability Act – Violation of 49 C.F.R § 213.37 – Strict Liability**

18.    Plaintiff re-alleges and incorporates as if set forth in full and at length herein all paragraphs above.

19.    That this cause of action is brought under and by virtue of the provisions of the FELA and, specifically, 45 U.S.C. §§ 53 and 54a, thereby incorporating 49 Code of Federal Regulation, "C.F.R.," § 213.37, entitled "Vegetation;" Section 213.37 is a railroad safety regulation promulgated by the Federal Railroad Administration ("FRA") under authority of the

Federal Railroad Safety Act, "FRSA," 49 U.S.C. §§ 20101 et seq.

20. That, at all times herein mentioned, Defendant BNSF, as Plaintiff's employer, was under a statutory obligation to comply with 49 C.F.R. § 213.37, a safety regulation, which requires that Defendant keep control of vegetation on railroad property which is on or immediately adjacent to roadbed so that it does not interfere with railroad employees performing normal trackside duties.

21. That, at all times herein mentioned, Defendant BNSF violated 49 C.F.R. § 213.37, in that, among other things, Defendant BNSF assigned Plaintiff to work in an area with vegetation which was immediately adjacent to a roadbed and interfered with Plaintiff Mr. Fischer's performing of normal trackside duties.

22. That the conduct regulated by 49 C.F.R. § 213.37 is intended to promote the safety of railroad workers, like Plaintiff.

23. That the Defendant's failure to control vegetation in violation of 49 C.F.R. § 213.37 played a part in causing Plaintiff to suffer the injuries as set forth herein.

### THIRD CAUSE OF ACTION

**Federal Employer's Liability Act – WAC 480-60-035 – Strict Liability**

24. Plaintiff re-alleges and incorporates as if set forth in full and at length herein all paragraphs above.

25. Plaintiff re-alleges and incorporates all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

26. That this count is brought under and by virtue of the provisions of the FELA, and, specifically, 45 U.S.C. § 54a, thereby incorporating the WAC 480-60-035.

27. That, at all times herein mentioned, Defendant BNSF, as plaintiff's employer, was under a statutory obligation to comply with the WAC 480-60-035, a safety regulation, in connection with the walkways in Defendant's Yardley Yard in Spokane, Washington.

28. That, at all times herein mentioned, Defendant BNSF violated WAC 480-60-035 in that, among other things, Defendant BNSF failed to provide its employees with reasonably

smooth surfaces maintained in a safe condition; ballast not exceeding one and one-half inches in size; and walkways clear of vegetation, debris and other obstructions.

29. That the conduct regulated by WAC 480-60-035 is intended to promote the safety of railroad workers. Said regulation was drafted for and intended to protect switchmen such as Plaintiff Mr. Fischer.

30. That the Defendant's decision to allow Plaintiff to work on a walkway in violation of the WAC 480-60-035 played a part in causing Plaintiff to suffer injury while working in Defendant's Yardley Yard in Spokane, Washington.

31. That the premises and the culpability of Defendant BNSF herein has played a part in causing plaintiff to suffer and sustain the injuries and damages hereinabove set forth.

## FOURTH CAUSE OF ACTION

**Federal Employer's Liability Act – WAC 296-860-20020 – Strict Liability**

32. Plaintiff re-alleges and incorporates all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

33. That this count is brought under and by virtue of the provisions of the FELA, and, specifically, 45 U.S.C. § 54a, thereby incorporating the WAC 296-860-20020.

34. That, at all times herein mentioned, Defendant BNSF, as plaintiff's employer, was under a statutory obligation to comply with the WAC 296-860-20020, a safety regulation, in connection with the construction and maintenance of Defendant's Yardley Yard in Spokane, Washington for employee safety.

35. That, at all times herein mentioned, Defendant BNSF violated WAC 296-860-20020 in that, among other things, Defendant BNSF failed to provide its employees with reasonably smooth surfaces maintained in a safe condition; ballast not exceeding one and one-half inches in size; and walkways clear of vegetation, debris and other obstructions.

36. That the conduct regulated by WAC 296-860-20020 is intended to promote the safety of railroad workers. Said regulation was drafted for and intended to protect switchmen such as Plaintiff Mr. Fischer.

37. That the Defendant's decision to allow Plaintiff to work on a walkway in violation of the WAC 296-860-20020 played a part in causing Plaintiff to suffer injury while working in Defendant's Yardley Yard in Spokane, Washington.

38. That the premises and the culpability of Defendant BNSF herein has played a part in causing plaintiff to suffer and sustain the injuries and damages hereinabove set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MICHAEL FISCHER prays for judgement against Defendants BNSF as follows:

a. For general damages, including pain and suffering, disability, and loss of enjoyment of life, and other damages provided by law and in amounts to be proven at trial.

b. For past and future medical and out-of-pocket expenses, in an amount to be proven at trial.

c. For past and future economic damages, in an amount to be proven at trial.

d. For lost earning capacity, in an amount to be proven at trial

e. For pre-judgement and post-judgement interest as allowed by law.

f. For costs of suit incurred herein.

g. For all such other and further relief as the Court deems just and equitable and all other damages provided by law.

DATED: June 27, 2022                    HILDEBRAND, McLEOD & NELSON, LLP

By:_____
Charles S. Bracewell, WSBA No. 54941
bracewell@hmnlaw.com
Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff MICHAEL FISCHER, by and through undersigned counsel, hereby demands a

1  trial by jury on all factual issues triable.

2

3  DATED:  June 27, 2022          HILDEBRAND, McLEOD & NELSON, LLP

4                                  By:_____
5                                      Charles S. Bracewell, WSBA No. 54941
                                       bracewell@hmnlaw.com
6                                      Attorneys for Plaintiff

**Complaint**
Page 8 of 8